Vasudev N. Addanki, WSBA #41055
John Carter Krawczyk, WSBA #54424
Betts Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
Telephone: 206-292-9988

Attorneys for Defendant State Farm

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| TOMAS G. VALDEZ and JULISA G. VALDEZ, husband and wife; JEZLENN A. VALDEZ, a single woman; STEVEN H. SACKMAN, as Guardian Ad Litem for JAZIEL T. VALDEZ and JULISSA A. VALDEZ, minors.<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM, a Mutual Insurance Company.<br><br>Defendant. | NO. 2:19-CV-00231<br><br>NOTICE OF REMOVAL<br><br>(FROM THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR ADAMS COUNTY, CAUSE NO. 18-2-00161-01)<br><br>**Clerk's Action Required** |

**TO:    The Judges and Clerk of the United States District Court in and for the Eastern District of Washington at Spokane**

**AND TO:    Plaintiffs and Their Counsel**

PLEASE TAKE NOTICE that Defendant State Farm, a Mutual Insurance

NOTICE OF REMOVAL - NO.2:19-CV-00231 - 1 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

Company ("Defendant State Farm"), by and through its undersigned counsel of record, hereby removes the above-entitled action from the Superior Court of the State of Washington, in and for the County of Adams, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As its basis for removal, Defendant states:

## I.    BACKGROUND

1. On or about August 7, 2018, Plaintiffs Tomas G. Valdez, Julisa G. Valdez, Jezlenn A. Valdez, Steven H. Sackman, as Guardian Ad Litem for Jaziel T. Valdez and Julissa A. Valdez (collectively, "Plaintiffs"), commenced this action by filing a Complaint in the Superior Court of the State of Washington, in and for the County of Adams, Cause No. 18-2-00161-01 ("Adams County Matter"). The Complaint asserts a personal injury claim, alleging that Plaintiffs Tomas G. Valdez, Julissa G. Valdez, Jezlenn A. Valdez and Jaziel T. Valdez suffered personal injuries arising from an incident involving a vehicle driven by Bryan D. Roediger and Jamie Roediger ("Roediger Defendants"). Defendant was named in this lawsuit on the basis of the existence of a underinsured motorist policy ("UIM") that Plaintiffs asserted they were entitled to benefits under.

A true and correct copy of Plaintiffs' Complaint is filed contemporaneously hereto as a separate attachment pursuant to LCR 101(b) and identified as "**Complaint**."

2. All parties were served with the Complaint as of September 12, 2019.

NOTICE OF REMOVAL - NO.2:19-CV-00231        - 2 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

3. Plaintiffs reached approval of minor settlement with the Roediger Defendants on June 3, 2019.

4. A settlement release between Plaintiffs and the Roediger Defendants was executed on June 3, 2019.

5. Defendant State Farm is the only remaining defendant in this litigation.

6. The following pleadings constitute all of the process, pleadings and orders received by Defendant in this action up to the present time:

- Complaint for Damages;
- Summons;
- Notice of Appearance of Defendant State Farm;
- Note for hearing to Approve Minor Settlement; and
- Report of Settlement Guardian Ad Litem.

True and correct copies of these identified pleadings are attached to the Declaration of John Krawczyk ("JK Decl.") as **Exhibit A**.

7. LCR 101(b) requires that a copy of any jury demand be filed in the state court be filed as an attachment to this Notice and labeled as "Jury Demand." No jury demand has been filed to date.

## II. DIVERSITY OF CITIZENSHIP

NOTICE OF REMOVAL - NO.2:19-CV-00231 - 3 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

7.  The diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met.

8.  Plaintiffs allege in Sections I through III of their Complaint that they were residents of Adams County at all relevant times. Upon information and belief, based on the allegations in Sections I through III of Plaintiffs' Complaint, Plaintiffs are and at all times material hereto, have been residents of the State of Washington. Plaintiffs, therefore, are citizens of the State of Washington for purposes of diversity jurisdiction.

9.  Defendant State Farm is a foreign corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois, and is therefore a citizen of the State of Illinois.

10. Defendant State Farm is the only named defendant in this action and, therefore, all defendants appearing in the action agree to removal.

11. Diversity of citizenship exists under 28 U.S.C. § 1332 because the parties are citizens of different states.

### III. AMOUNT IN CONTROVERSY

12. Removal is proper under 28 U.S.C. § 1332(a) as, upon information and belief, the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. A reasonable person would conclude that Plaintiffs seeks damages in excess of

NOTICE OF REMOVAL - NO.2:19-CV-00231    - 4 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

$75,000 based on the allegations of injuries and damages alleged in Plaintiffs' Complaint.[1] Moreover, Plaintiff has already settled this matter with the Roediger Defendants for a certain amount and is now claiming additional UIM benefits, which provides this Court with sufficient evidence that the matter meets the requirements for amount in controversy.

13. Plaintiffs allege that Plaintiffs Tomas G. Valdez, Julissa G. Valdez, Jezlenn A. Valdez and Jaziel T. Valdez suffered "severe, permanent and disabling injuries," as well as "past and future wage loss." *See Plaintiffs' Complaint*, Sections XII and XIII.

14. The amount in controversy is not expressly set forth in Plaintiffs' Complaint. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

15. The preponderance of the evidence standard was re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount

---

[1] In asserting that the damages being sought by Plaintiffs exceed the amount in controversy, Defendant does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

NOTICE OF REMOVAL - NO.2:19-CV-00231    - 5 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 16.

16. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously

NOTICE OF REMOVAL - NO.2:19-CV-00231 - 6 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

17.    Similar damage allegations in personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. See, e.g., *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); *accord Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

18.    Moreover, when a complaint fails to state an amount-in-controversy,

NOTICE OF REMOVAL - NO.2:19-CV-00231 - 7 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

courts have considered correspondence between parties, including demand letters, as sufficient to support the amount-in-controversy requirement for removal based on diversity jurisdiction. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (affirming denial of motion to remand, finding amount in controversy requirement established where settlement letter sought $100,000 in compensation); *Clanan v. USAA Cas. Ins. Co.*, 2014 WL 3818101, *3 (W.D. WA. Aug. 4, 2014) (holding that demand letter describing damages and seeking $100,000 "establishe[d] by a preponderance of the evidence that the amount in controversy exceeds $75,000").

19.    Plaintiffs have settlement this matter as it pertains to the Roediger Defendants for $49,500, the Roediger Defendants policy limits. See JK Decl. at ¶ 4.

20.    Additionally settlement was reached with minor Julissa A. Valdez for the "sum of $8,404.10. In addition, Geico has agreed to pay the sum of $1,500.00 for payment for the Guardian Ad Litem fee." See JK Decl. at ¶ 4

21.    Plaintiffs have asserted that the value of this matter exceeds that combined amount of $59,404.10 and Plaintiffs have pled that they are seeking compensation in excess of that amount as the "UIM claim with State Farm Mutual Automobile Insurance Company is unresolved at this time." See JK Decl. at ¶ 4.

22.    Unless Plaintiffs are seeking damages in the amount of $15,595.90 or

NOTICE OF REMOVAL - NO.2:19-CV-00231 - 8 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

less from Defendant State Farm, it is undisputed that this matter exceeds the jurisdictional requirement for diversity.

23. Given the allegations of injuries and damages in Plaintiffs' Complaint, and the amount sought in settlement as compensation, this matter exceeds the jurisdictional requirement for diversity and is removable pursuant to 28 U.S.C. § 1332.

### IV.   JURISDICTION

22. This Court has original jurisdiction of the subject matter of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant.

23. This case is properly removable pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and LCR 101.

### V.   TIMELINESS

24. This Notice of Removal is timely because it has been filed within thirty (30) days of the settlement of this matter between Plaintiffs and the Roediger Defendants, which was the condition precedent to federal jurisdiction.

25. Pursuant to 28 U.S.C. § 1446(b)(3), a defendant has 30 days from the date of which it can be first ascertained that the case is removable. Based on the recent notice of completion of minor settlement, this Notice of Removal is timely

NOTICE OF REMOVAL - NO.2:19-CV-00231 - 9 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

filed.

26. Defendant is concurrently filing a copy of this Notice of Removal with the Clerk of the Superior Court for Adams County and serving a copy of the same to the Plaintiffs under 28 U.S.C. § 1446(d).

## VI. INTRADISTRICT ASSIGNMENT

27. Pursuant to LCR 3(d) and 101(e), this matter is properly being removed to the Spokane Division. The incident alleged in Plaintiffs' Complaint occurred in Adams County, and Plaintiffs' Complaint was filed in Adams County. Adams County is within the area served by the Spokane Division of the Eastern District of Washington for the U.S. District Court. Defendant incorporates herein Paragraphs 7 through 11 regarding the citizenship of the Parties.

NOTICE OF REMOVAL - NO.2:19-CV-00231    - 10 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

1    DATED this 3rd day of July, 2019.

BETTS, PATTERSON & MINES, P.S.

By  */s Vasu Addanki*
By  */s John Krawczyk*
    Vasu Addanki, WSBA #41055
    John Krawczyk, WSBA #54424
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:   (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:      vaddanki@bpmlaw.com
E-mail:      jkrawczyk@bpmlaw.com
Attorneys for Defendant State Farm, a Mutual Insurance Company

NOTICE OF REMOVAL - NO.2:19-CV-00231   - 11 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549

# CERTIFICATE OF SERVICE

I, Lauren Brown, hereby certify that on July 3, 2019, I electronically filed the following:

- **Notice of Removal; and**
- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiffs*
Stephen J. Felice
Stephen J. Felice Lawyers
190 E Main St
Othello, WA 99344

☒ U.S. Mail
☐ Hand Delivery
☐ Facsimile
☐ Overnight
☒ E-mail/ECF

DATED this 3rd day of July 2019.

BETTS, PATTERSON & MINES P.S.

By  s/ *Lauren Brown*
    Lauren Brown, Legal Assistant

NOTICE OF REMOVAL - NO.2:19-CV-00231    - 12 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1425678.docx/070319 1244/7754-0549